UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE E. LACEY, SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STARKE COUNTY CIRCUIT COURT, )<br>)<br>Defendant. ) | CAUSE NO. 3:18-CV-340 JD |

OPINION AND ORDER

Terrance E. Lacey, Sr., a *pro se* prisoner, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lacey is currently an inmate at the Westville Correctional Facility. His complaint centers around his March 2017 arrest and subsequent incarceration at the Starke County Jail. Lacey alleges that a police officer unlawfully stopped him and searched the vehicle

he was driving in Starke County, Indiana.[1] Following that arrest, he was jailed at the Starke County, where he alleges a number of constitution violations occurred. However, Lacey has not named a proper defendant.

The only defendant Lacey has named is the Starke County Circuit Court, which is not a "person" that can be sued under Section 1983. *See Lawrence v. Milwaukee Cty. Pub. Def's Office*, No. 08-C-109, 2008 WL 2004229, *3 (E.D. Wisc. May 8, 2008) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). And, to the extent Lacey seeks relief under Indiana law, he is in the wrong court. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Starke County Circuit Court. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987); *See also Jones v. Indiana*, 533 Fed. Appx. 672 (7th Cir. 2013) (recognizing that Indiana Circuit Courts are entitled to Eleventh Amendment immunity). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Because the Starke County Circuit Court is the only defendant in this case, Lacey does not state a claim upon which relief can be granted.

---

[1]The court notes that Lacey has previously litigated this claim in *Lacey v. Indiana*, Case No. 3:18-cv-322 (N.D. Ind. filed May 3, 2018). Thus, it is unlikely he can raise it again here.

Nevertheless, Lacey may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. If he chooses to file an amended complaint, he must put the cause number of this case which is on the first page of this order. He should name the individuals responsible for his claims as defendants and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating his constitutional rights.

For these reasons, the court:

(1) GRANTS Terrance E. Lacey, Sr., until June 18, 2018, to file an amended complaint; and

(2) CAUTIONS Terrance E. Lacey, Sr., that if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on May 18, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court